UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUSTY R. W.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:21-CV-5206-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI")). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he evaluated two medical opinions from the psychiatric consultative examiner. As this error informed the ultimate disability determination, the ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On January 8, 2018, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability as of October 1, 2014; this onset date was later amended to December 13, 2017. *See* Dkt. 8, Administrative Record ("AR") 15, 352. The application was denied upon initial administrative review and on reconsideration. *See* AR 206, 216. A hearing was held before ALJ Marilyn S. Mauer on October 30, 2019, at which Plaintiff requested a continuance; a subsequent hearing was held before ALJ Lawrence Lee on September 3, 2020. *See* AR 124–31, 132–80. In a decision dated September 23, 2020, ALJ Lee determined Plaintiff to be not disabled. *See* AR 12–34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in: (1) evaluating the medical opinion evidence; and (2) evaluating Plaintiff's symptom testimony. Dkt. 13, p. 2. Plaintiff also avers that the ALJ had no authority to make the decision at issue, because the Commissioner under whom the ALJ served was unconstitutionally appointed. Dkt. 13, p. 17. Although plaintiff raises a Constitutional issue, discussion of such is not necessary to resolve this matter, and as such, will not be reached.

DISCUSSION

**I.        Whether the ALJ Properly Evaluated the Medical Opinion Evidence.**

Plaintiff assigns error to the ALJ's evaluation of two medical opinions from Terilee Wingate, Ph.D. Dkt. 13, pp. 2–5.

Plaintiff summarizes much of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any opinions or impairments other than those discussed herein. Dkt. 13, pp. 6–14. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus only considers the ALJ's evaluation of the opinion from Dr. Wingate.

### A. Medical Opinion Standard of Review

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). As Plaintiff filed her claim for SSI on October 2, 2017, the ALJ applied the new regulations. *See* AR 24–27.

In the new regulations, the Commissioner rescinded Social Security Regulation ("SSR") 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R.

§§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs

DEFENDANT'S DECISION TO DENY BENEFITS
- 4

from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

**B. Opinions of Dr. Wingate**

Terilee Wingate, Ph.D., a psychiatric consultative examiner, evaluated Plaintiff twice. In the first evaluation on September 28, 2017, which included a clinical interview and mental status examination, she diagnosed Plaintiff with major depressive disorder, post-traumatic stress disorder, and borderline personality disorder. Based on these conditions, she opined that Plaintiff would be markedly, or significantly, limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruption from her psychologically based symptoms. AR 488.

In Dr. Wingate's second evaluation, dated August 30, 2019, she completed a clinical interview and mental status examination and diagnosed Plaintiff with chronic post-traumatic stress disorder, recurrent moderate major depressive disorder, mixed-type (somatic, grandiose and paranoid) delusional disorder, and borderline personality disorder. AR 11. She opined that these conditions would cause marked limitations in Plaintiff's ability to understand, remember, and persist in tasks by following very short and simple instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and set realistic goals or plan independently. AR 1174–75. In addition, she indicated Plaintiff would have a severe limitation in the ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1175.

The ALJ found neither of these opinions persuasive. In so finding, the ALJ reasoned that both were inconsistent with (1) "unremarkable" mental status examination notes accompanying the respective evaluations and (2) Plaintiff's activities as an advocate for the homeless community. AR 25.

With respect to the ALJ's first reason, an ALJ need not accept the opinion of a medical source "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the ALJ found that in the first evaluation, while Dr. Wingate noted Plaintiff's dysphoric mood and blunted affect, she also indicated Plaintiff's thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgement fell within normal limits. AR 25 (citing AR 489–90). In the second evaluation, the

ALJ found that Plaintiff's euthymic mood and full affect, as well as indications Plaintiff's orientation, perception, memory, fund of knowledge, concentration, and insight and judgment were within normal limits, to be inconsistent with Dr. Wingate's assessed limitations. *Id.* (citing AR 1175–76 ).

In labeling these examinations "essentially unremarkable," the ALJ appears to have ignored evidence that did not support this conclusion, particularly in the second examination. Therein, Dr. Wingate noted Plaintiff's thought process and content was not within normal limits due to Plaintiff's "somatic delusions" and "delusions of persecution," and Plaintiff's abstract thought capability was also impaired. AR 1176. In addition, the ALJ did not address Dr. Wingate's findings in the clinical interviews, which are "objective measures" that "cannot be discounted as a 'self-report.'" *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). In the first evaluation, Dr. Wingate indicated Plaintiff "often ignores her own needs," "can be irritated by other's demands and she will withdraw," and her post-traumatic stress disorder was exacerbated by recent experiences with domestic violence. AR 486–87. In the second, she "seem[ed] delusional and grandiose." AR 1173. The Ninth Circuit has expressed disfavor with the practice of "cherry-pick[ing]" portions of medical opinions to support an ALJ's conclusion while omitting the portions that do not. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The ALJ's analysis in this instance suffered from this defect. Therefore, this reasoning was not supported by substantial evidence in the record.

With respect to the ALJ's second reason, inconsistency with a claimant's activities may serve as a proper basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in

order to be deemed eligible for benefits)). Here, the ALJ pointed to Plaintiff's ability to advocate for homeless individuals by "researching laws, lobbying lawmakers, and volunteering at a homeless shelter." AR 25. The ALJ did not discuss how the specific tasks of homeless advocacy contradicted Dr. Wingate's opinion, nor did the ALJ mention Plaintiff's indication that she volunteered at a shelter only three to four times a month, or that speaking in front of a city council was so draining that she needed to rest for two to three days after doing so. *See* AR 156–57. Without more information on the frequency or rigor of Plaintiff's advocacy efforts, these activities do not constitute substantial evidence supporting the ALJ's rejection of Dr. Wingate's opinion.

### C. Harmless Error

The ALJ erred in evaluating Dr. Wingate's opinions. While the ALJ erred, the Court must determine whether this error was harmless. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

In this case, the ALJ's error was not harmless. Had the ALJ properly considered Dr. Wingate's opinions, the ALJ may have incorporated limitations opined therein into Plaintiff's residual functional capacity. Had the ALJ incorporated such limitations, in turn, the ultimate

disability determination may have changed. Accordingly, the ALJ's error was not harmless and requires reversal.

**III. Other Issues**

Plaintiff also avers that the ALJ erred in evaluating her subjective symptom testimony. Dkt. 13, pp. 14–16. The Court has directed the ALJ to reassess medical opinion evidence on remand. *See* Section I, *supra*. As Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's symptom testimony, the ALJ shall reconsider this testimony on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of December, 2021.

David W. Christel
United States Magistrate Judge